831 F.2d 1063
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOHN ABBOTT, Plaintiff-Appellant,
v.
BECKETT AND CHAMBERS MOVING, INC.; North American Van Lines
Company; O'Telia Abbott; William Golstein,
Defendants-Appellees.
 No. 87-3153.
 United States Court of Appeals, Sixth Circuit.
 Oct. 26, 1987.
 
 Before LIVELY, Chief Judge, WELLFORD, Circuit Judge; and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff seeks review of an order of the district court which dismissed his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. Upon examination of the record and the briefs submitted by the parties, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the district court for the Northern District of Ohio based upon allegations that defendants with the cooperation of a state judge presiding over a divorce proceeding in which he was a party had acted to deprive him of his real and personal property. After examining the complaint, as supplemented by the statements of his counsel at an informational hearing, however, the district court concluded that plaintiff's injuries simply did not give rise to a cause of action under 42 U.S.C. Sec. 1983. Accordingly, the district court ordered the dismissal of the complaint and plaintiff thereafter filed this appeal.
 
 
 3
 Examination of the record discloses that the district court properly dismissed the plaintiff's cause of action. Specifically, scrutiny of the complaint indicates two possible interpretations which might be assigned to the generally vague factual allegations appearing therein, the first being that defendants improperly took possession of plaintiff's personal property by exceeding the scope of an order directing his removal from his residence that had been validly entered by a state judge in the underlying divorce proceeding. Such a construction, however, eliminates the existence of any action taken under color of state law necessary to give rise to a cause of action under 42 U.S.C. Sec. 1983. Likewise, were the factual averments in the complaint to be construed to allege that defendants in concert with the state court judge in the divorce proceeding had illegally conspired to deprive plaintiff of his property, he still could not maintain a federal civil rights action. Such acts, which are random in nature and unauthorized by state law, policy, regulation or custom, cannot serve as the basis of a suit pursuant to 42 U.S.C. Sec. 1983 unless the plaintiff first pleads and ultimately proves the inadequacy of any available state means of redress. Parratt v. Taylor, 451 U.S. 527 (1981). Plaintiff has made no such pleading in this case.
 
 
 4
 Accordingly, the district court's final order entered January 30, 1987, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.